# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gaylene Jodie Wathogoma,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>                    Respondents. | No. CV-12-02686-PHX-SLG (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SHARON L. GLEASON, U.S. DISTRICT JUDGE:

Gaylene Jodie Wathogoma filed a timely, fully exhausted Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging her convictions following a jury trial for manslaughter, aggravated assault, and two counts of endangerment, and the imposition of consecutive, presumptive prison terms totaling 22.5 years. Wathogoma, driving drunk, crashed her speeding car into a car that was stopped at a red light, killing a passenger in the car. Wathogoma confessed to police that she was the driver. In her federal petition, she alleges the ineffective assistance of counsel, unlawful arrest, violation of her confrontation clause rights and *Miranda* rights, insufficiency of the evidence, and sentencing errors. Respondents contend that the grounds raised are without merit. The Court recommends that the petition be denied and dismissed with prejudice.

In Ground One, Wathogoma alleges the ineffective assistance of trial counsel. Specifically, she contends that counsel failed to argue that her statements were involuntary; failed to investigate or use medical expert testimony in the voluntariness hearing; failed to argue that her *Miranda* rights were violated; failed to complete analysis of biological evidence on the airbags and driver's side windshield; failed to use a DNA expert at trial; and failed to argue against the State's claim that Wathogoma's feet were entangled in brake and gas pedals. Defense counsel is not required "to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

In addition, a review of the record indicates that counsel moved in limine to suppress Wathogoma's statements that she had been drinking and was driving the truck because "she was so intoxicated that she did not understand the meaning of what she was saying, and she did not intelligently waive her *Miranda* rights." *See* Doc. 10, Exh C at 6. The trial court denied the motion, finding the statements voluntary because the police did not use coercion, promises or threats. The trial court found no *Miranda* violation because Wathogoma had not been in custody when she was questioned the first time. As to the second statement, made to an officer while she was in custody, the trial court ruled that it was voluntary because there was no interrogation; Wathogoma offered the statement without having been asked any questions. See R.T. 2/4/2008 at 37-38. Wathogoma does not specify what else counsel should have done in arguing for suppression. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). In any event, Wathogoma cannot show prejudice. In addition to Wathogoma's statements, the State presented compelling evidence that

Wathogoma was driving drunk: she braced herself for the accident by gripping the steering wheel; her feet were tangled under the gas and brake pedals; her hand went through the steering wheel; her injuries were consistent with having been in the driver's seat; her passenger's injuries were consistent with his having been in the front passenger seat; her DNA was on the driver's side airbag and her passenger's DNA was on the passenger side bag. *See* Doc. 11, Exh 2, R.T. 2/12/08 at 79-108; Exh 4, R.T. 2/13/08 at 2-20, 21-50; Exh 5, *Id.* at 51-71, 74-88; Exh 6, *Id.* at 89-134; Exh 7, R.T. 2/14/08 at 39; Exh 8, *Id.* at 54-77.

Wathogoma also contends that counsel failed to adequately challenge the physical evidence admitted at trial. A review of the record indicates that counsel credibly challenged the State's case, including a thorough investigation of the physical evidence. Counsel hired an accident reconstruction expert and presented eyewitness testimony that Wathogoma had been the passenger. *See* Doc 12, Exh 1, R.T. 2/19/08 at 4-26; Exh 2, *Id.* at 45-87; Exh 3, Id. at 88-123; Exh 4, R.T. 2/20/08 at 5-23. In addition, counsel challenged the reliability and sufficiency of the DNA, and elicited testimony from several witnesses who stated that they could not say who had been driving. Objectively reasonable strategic choices are "virtually unchallengeable" under the *Strickland* standard. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984).

In Ground Two, Wathogoma claims her arrest was unlawful because she was never taken before a judge to be advised of the charges against her. The minute entry of her arraignment indicates that her initial appearance took place on August 8, 2006. She also received notice of the charges from the indictment, filed soon after her arrest. An

indictment that tracks the applicable state statute affords the defendant fair notice of the charges. *United States v. Hester*, 719 F.2d 1041, 1043 (9th Cir. 1983).

In Ground Three, Wathogoma argues that her right to confront the witnesses against her was violated because she was unable to confront the aggravated assault victim who did not testify at trial. The confrontation clause in the sixth amendment applies to all *testimonial* statements. *Crawford v. Washington*, 541 U.S. 36, 50 (2004). In this case, testimony concerning the aggravated assault came from witnesses other than the victim. There is no requirement that this testimony come from the victim. In addition, Wathogoma does not allege, nor could she demonstrate, that any testimonial statements from the non-testifying victim were admitted at trial through other witnesses.

` In Ground Four, Wathogoma contends that her *Miranda* rights were violated, resulting in her involuntary statements being improperly admitted. The trial court found no *Miranda* violation because she was not in police custody when she was questioned by police at the hospital. *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002). In addition, the trial court found there was no evidence of coercion, threats, or promises made by anyone in order to obtain the statements. The trial court considered the totality of the circumstances in making the decision, including the fact that Wathogoma alleges that she was suffering from a head injury at the time she made the statements.

In Ground Five, Wathogoma contends that the evidence was insufficient to sustain the convictions. She contends specifically that there was insufficient evidence to prove that she, rather than one of the victims, was driving the truck. The trial court rejected this argument, concluding that although there was conflicting evidence on this issue, there

was sufficient evidence to prove Wathogoma's guilt beyond a reasonable doubt. On federal habeas review, the question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995). In federal habeas proceedings, therefore, the Court's inquiry is whether the state court's decision reflected an unreasonable application of the *Jackson* standard.

A rational jury could have found that Wathogoma was driving the truck. The following evidence was presented to the jury: she braced herself for the accident by gripping the steering wheel; her feet were tangled under the gas and brake pedals; her hand went through the steering wheel; her injuries were consistent with having been in the driver's seat, while her passenger's injuries were consistent with his having been in the front passenger seat; her DNA was on the driver's side airbag and her passenger's was on the passenger side bag. In addition, Wathogoma confessed to police that she was the driver.

In Ground Six, Wathogoma contends that the trial court improperly sentenced her to consecutive terms for the four offenses, when they resulted from a single car accident, the evidence of guilt was inconclusive, the trial court decided before the sentencing hearing to impose consecutive terms, and she has no prior felony convictions that would justify such sentences. Wathogoma failed to allege, either in state court or in this federal petition, any violation of the United States Constitution or of federal law. A state court's

"decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." *See Cacoperdo v. Demosthenese*, 37 F.3d 504, 507 (1994). Because her claim only asserts state law violations, it is not cognizable on federal habeas review. *See Souch v. Schiavo*, 289 F.3d 616, 623 (9th Cir. 2002).

**IT IS THEREFORE RECOMMENDED** that Gaylene Jodie Wathogoma's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Wathogoma has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will

be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 26th day of February, 2014.

_____
David K. Duncan
United States Magistrate Judge